UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**CATHERINE FETTEROLF**  **CIVIL ACTION**

**VERSUS**  **NO. 15-5283**

**HOME DEPOT, U.S.A., INC.,**  **SECTION: C (5)**
**GERARD THIELE, ET AL**

**Order and Reasons**

On October 27, 2015, the Court requested briefing on two issues related to subject matter jurisdiction. *See* Rec. Doc. 6. The first issue is whether Gerard Thiele was improperly named as a defendant in order to defeat federal jurisdiction. The second issue is whether the jurisdictional minimum amount in controversy existed at the time of removal. Because the Court concludes that the jurisdictional minimum amount in controversy did not exist at the time of removal, the Court REMANDS the instant matter to state court.

**I.   Background**

On September 16, 2015, plaintiff Catherine Fetterolf filed a petition for damages in the 40th Judicial District Court of St. John the Baptist Parish. *See* Rec. Doc. 1-1. The plaintiff named Home Depot U.S.A., Inc. ("Home Depot") and an alleged supervising employee of Home Depot as defendants. *See id.* Plaintiff alleges she was injured during an accident in Home Depot's store on 300 West Airline Highway, LaPlace, Louisiana. *See id.* at 2. The petition seeks damages for, among other stated grounds for recovery, medical and rehabilitative expenses, pain and suffering, and loss of consortium. *See id.* at 5. The petition states that plaintiff requests damages in excess of $50,000. *See id.*

On October 20, 2015, Home Depot removed plaintiff's action to the Court. *See* Rec. Doc. 1. Defendant Home Depot's stated grounds for removal are that there is over $75,000 in

1

controversy and that Home Depot's employee was improperly named as a defendant only for the purpose of destroying diversity of citizenship. *See id.* at 2–3. On October 27, 2015, the Court ordered the parties to brief whether plaintiff did improperly name Home Depot's employee as a defendant and whether the jurisdictional minimum amount in controversy existed at the time of removal. *See* Rec. Doc. 6. Both plaintiff and defendant Home Depot subsequently submitted briefs; however, plaintiff only briefed the issue of whether or not Home Depot's employee was improperly named as a defendant. *See* Rec. Docs. 9 & 11.

## II.     Standard of Review

Because the Court's conclusion that the jurisdictional minimum amount in controversy did not exist at the time of removal provides sufficient grounds from remanding this case to state court, the Court states only the standard of review for jurisdictional minimum analysis. District courts have subject matter jurisdiction over civil actions where the amount in controversy exceeds $75,000 and there is diversity between all parties. *See* 28 U.S.C. § 1332. Parties cannot consent to subject matter jurisdiction and the Court may sua sponte ensure that subject matter jurisdiction exists. *See Simon v. Wal-Mart Stores, Inc.*, 193 F.3d 848, 850 (5th Cir. 1999). Where, like here, the face of a plaintiff's complaint does not allege the specific amount of damages, the party invoking jurisdiction must prove the amount in controversy exceeds $75,000 by a preponderance of the evidence. *See St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998); *see also* Rec. Doc. 1-1. The party invoking jurisdiction meets that burden by presenting "summary judgment type evidence." *See Manguno v. Prudential Property and Cas. Ins. Co.*, 276 F.3d 720 (5th Cir. 2002); *see also Luckett v. Delta Airlines, Inc.*, 171 F.3d 295, 298 (5th Cir. 1999).

### III.     Discussion

Despite plaintiff's decision not to brief the amount in controversy issue, it is apparent from a review of plaintiff's state court petition that plaintiff has not alleged damages clearly supporting the conclusion that the amount in controversy exceeds $75,000. *See* Rec. Doc. 1-1. To support its contention that the amount in controversy in this case exceeds $75,000, defendant's brief contains an email apparently summarizing plaintiff's medical expenses. *See* Rec. Doc. 9-2. The email states that the plaintiff has incurred $38,042.64 in expenses for medical work done on plaintiff's right index finger and left knee. *See id.* Defendant contends that "[t]he medical records suggest future treatment including a possible recommended second surgery to her finger." *See* Rec. Doc. 9 at 4. The Court, however, finds no support for this contention in the record. Nor is the Court persuaded that the amount of medical expenses plus plaintiff's other alleged damages establish by a preponderance of the evidence that the amount in controversy exceeds $75,000. Accordingly,

IT IS HEREBY ORDERED that the above-captioned matter, Case Number 15-5283, is REMANDED to the 40th Judicial District Court, Parish of St. John the Baptist.

New Orleans, Louisiana, this 11th day of December, 2015.

**HELEN G. BERRIGAN**
**UNITED STATES DISTRICT JUDGE**